PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Respondent, *v.* J. & J. ROGERS COMPANY, Appellant.

NORTHERN ADIRONDACK POWER COMPANY, Intervenor.

Third Department, November 13, 1918.

Public Service Commissions Law — manufacturing corporation doing electric lighting business — jurisdiction of Public Service Commission to ask for injunction.

A manufacturing corporation, organized under the Manufacturing Corporations Act of 1848, acts in violation of the common law, and of section 10 of the General Corporation Law, in doing electric lighting for hire.

The Public Service Commission has jurisdiction, under section 74 of the Public Service Commissions Law, to bring a proceeding to restrain such a corporation from using the streets and highways of a town for the transmission and distribution of electrical current for hire, to persons, other than tenants, off its own premises.

A corporation organized under such act, and engaged in furnishing electric current for hire, is an " electrical corporation," within the meaning of that term as used in section 74 of the Public Service Commissions Law.

APPEAL by the defendant, J. & J. Rogers Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 22d day of June, 1918, upon a decision of the court after a trial at the Albany Special Term.

The judgment permanently enjoined the defendant from exercising a franchise in the town of Jay, Essex county, N. Y.

*C. J. Vert,* for the appellant.

*Ledyard P. Hale,* for the respondent.

*Thomas O'Connor* [*George E. O'Connor* of counsel], for the intervenor.

WOODWARD, J.:

The Public Service Commission in and for the Second District instituted this proceeding by petition, duly verified on the 2d day of March, 1918, under the provisions of section 74 of the Public Service Commissions Law, resulting in a judgment in which the defendant was enjoined " and commanded immediately to desist and wholly abstain from transmitting or distributing electric current over, through, along, across or under any of the streets, highways or public places of the said town of Jay; and from maintaining poles and wires and other apparatus in said streets, highways and public places for such transmission and distribution, and from in any way using said streets, highways and public places for such transmission and distribution, and from engaging in the business of selling electric current in the said town of Jay, Essex county, N. Y."

The appellant's brief states that this proceeding was commenced by the Public Service Commission " setting forth in substance, that the defendant, J. & J. Rogers Company, was unlawfully engaged in the electric lighting business in that part of the hamlet of Ausable Forks, lying on the Jay side of the River Ausable, because it had no franchise to do an electrical business in the town of Jay, and further because it never could acquire a franchise to do an electrical business, not having been organized under the Transportation Corporations Law. The answer, in substance, admits that defendant is and always has been a manufacturing corporation and never has been incorporated under the Transportation Corporations Law; admits that it never has obtained a specific franchise from the town authorities or from the Public Service Commission to use the streets, highways and public places for setting poles, stringing wires and furnishing electricity to the inhabitants for light and power, but alleges that it has an ' implied franchise ' to do what it has done and is doing, and relies on the general facts and a decision of the Public Service Commission rendered January 19th, 1915, and set forth in full in its answer to support that contention."

There is, therefore, no essential dispute in the facts, and the question presented is whether the Public Service Commission had jurisdiction to bring the proceedings; whether such proceedings were authorized by section 74 of the Public

Service Commissions Law. Section 74 of the Public Service Commissions Law provides that " Whenever either Commission shall be of opinion that a gas corporation, electrical corporation or municipality within its jurisdiction is failing or omitting or about to fail or omit to do anything required of it by law or by order of the Commission or is doing anything or about to do anything or permitting anything or about to permit anything to be done, contrary to or in violation of law or of any order of the Commission, it shall direct counsel to the Commission to commence an action or proceeding in the Supreme Court of the State of New York in the name of the Commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction." (Consol. Laws, chap. 48 [Laws of 1910, chap. 480], § 74.)

There can be no doubt that the Public Service Commission has jurisdiction of the subject-matter where an electrical corporation " is doing anything or about to do anything \* \* \* contrary to or in violation of law." Nor can it be doubted that the J. & J. Rogers Company, organized under the Manufacturing Corporations Act of 1848 (Laws of 1848, chap. 40, as amd.), is doing electric lighting for hire in violation of law. Indeed, it is conceded that this corporation is not authorized by its charter to do public and commercial lighting, involving the use of the public highways; and both at common law and under the provisions of section 10 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28) the exercise of such powers is forbidden. (*Black v. Ellis*, 129 App. Div. 140; affd., 197 N. Y. 402; *Schwab v. Potter Co.*, 194 id. 409, 418.) In the latter case, at the page last above cited, the court say: " Whatever is done by a corporation without authority is done in violation of law, for all action, not authorized directly or indirectly, is prohibited." And action forbidden by statute is void, and a void act is no act (*Village of Fort Edward v. Fish*, 156 N. Y. 363, 374), and the defendant could, therefore, gain no implied franchise by usurping powers which the law forbade it to exercise, no matter how long continued. " That which was originally void does not, by lapse of time, become valid." (Broom Leg. Max. [8th Am. ed.] 177.)

But counsel for the defendant urges that notwithstanding the corporation has been doing that which it had no legal right to do — that which was void in law — the Public Service Commission has no jurisdiction, and that the only remedy is by an action by the Attorney-General to annul the corporate charter of the defendant. This contention is based on the fact that the provisions of section 74 of the Public Service Commissions Law relate only to gas corporations, electrical corporations and municipalities, and he then proceeds to show that the defendant, J. & J. Rogers Company, is a manufacturing corporation, and, upon this hypothesis, that it is not within the jurisdiction of the court under the provisions of the law. The difficulty with this proposition is that the statute defines what is an electrical corporation within the meaning of the Public Service Commissions Law, and the defendant is within the definition. Subdivision 12 of section 2 of the act declares that " The term ' electric plant,' when used in this chapter, includes all real estate, fixtures and personal property operated, owned, used or to be used for or in connection with or to facilitate the generation, transmission, distribution, sale or furnishing of electricity for light, heat or power; and any conduits, ducts or other devices, materials, apparatus or property for containing, holding or carrying conductors used or to be used for the transmission of electricity for light, heat or power." Clearly, then, the defendant has an electric plant. Subdivision 13 of the same section then provides that " The term ' electrical corporation,' when used in this chapter, includes every corporation, company, association, joint-stock association, partnership and person, their lessees, trustees or receivers appointed by any court whatsoever (other than a railroad or street railroad corporation generating electricity solely for railroad or street railroad purposes or for the use of its tenants and not for sale to others) owning, operating or managing any electric plant except where electricity is generated or distributed by the producer solely on or through private property for railroad or street railroad purposes or for its own use or the use of its tenants and not for sale to others."

Concededly the defendant is a corporation " owning, operating or managing [an] electric plant," and it is not within

the exceptions, for it concededly does furnish electricity to persons other than its tenants off its own premises, using the public highways for that purpose, and it takes compensation for that service, in violation of law, and the court has jurisdiction of the corporation and of the subject-matter of the controversy.

The dilemmas which the appellant suggests may be met when they are presented for judicial consideration. For the purposes of this proceeding there can be no question as to the power of the Public Service Commission, and of this court, to interfere to prevent further violations of law by the defendant.

We do not, however, desire to embarrass the defendant in furnishing power for its own business, and, therefore, modify the injunction by providing that nothing therein contained shall be construed to enjoin the defendant from conveying electricity from its generating plant across the public streets or highways to its own manufacturing plant for use therein exclusively.

As so modified the judgment will be affirmed, with costs.

Judgment modified in accordance with the opinion, and as so modified unanimously affirmed, with costs to the respondent.